IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 ANNUITY PLAN, PLUMBERS AND PIPEFITTERS LOCAL NO. 74 WELFARE PLAN, AND PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN (formerly the PIPEFITTERS LOCAL UNION NO. 80 AND EMPLOYERS JOINT PENSION FUND) and SCHOLARSHIP FUND OF THE PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 c/o Gem Group Brandywine Corporate Center 650 Naamans Road, Suite 303 Claymont, DE 19703 | : : : : : : : : : : : : | CIVIL ACTION NO. 07-CV- |
| and | : : | |
| PLUMBERS AND PIPEFITTERS LOCAL NO. 74 APPRENTICESHIP FUND, PIPEFITTERS LOCAL UNION NO. 74 EDUCATIONAL/PAC FUND, AND LOCAL UNION NO. 74 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO (formerly Pipefitters Local No. 80) 3200 Old Capital Trial Wilmington, DE 19808 | : : : : : : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | |
| MPI MECHANICAL, INC. 11 McMillan Way Newark, DE 19713 | : : : : : | |
| Defendant. | : | |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a) or 1132(e)(2).

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the District of Delaware under 29 U.S.C. §185(a) or 1132(e)(2).

## PARTIES

4. Plaintiffs, Plumbers and Pipefitters Local Union No. 74 Annuity Plan, Plumbers and Pipefitters Local No. 74 Welfare Plan, Plumbers and Pipefitters Local Union No. 74 Pension Plan (formerly, the Pipefitters Local Union No. 80 and Employers Joint Pension Fund), and Plumbers and Pipefitters Local No. 74 Apprenticeship Fund (respectively, "Annuity Fund", "Welfare Fund", "Pension Fund", and "Apprenticeship Fund" and, jointly, "Funds"), are trust funds established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §1002(37),(1),(2) and (3). The Funds are administered from offices located at the address(es) listed in the caption.

5. Plaintiff, Pipefitters Local No. 74 Educational/PAC Fund ("PAC"), is an unincorporated association established pursuant to 2 U.S.C. §431 *et seq.* for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office. The PAC is administered from offices located at the address in the caption.

6. Plaintiff, Local Union No. 74 of the United Association of Journeymen and

Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO (formerly Pipefitters Local No. 80) ("Union"), is an unincorporated association commonly referred to as a labor union, and is an employee organization that represents, for purposes of collective bargaining, employees of Defendant, MPI Mechanical, Inc., who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12). The Union maintains its principal place of business at the address listed in the caption.

7. Defendant, MPI Mechanical, Inc. ("Company" or "Defendant"), is a Delaware corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§1152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

8. At all times relevant to this action, the Company was party to a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract").

9. The Company also signed or agreed to abide by the terms of agreements and declarations of trust of the Funds ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

10. Under the Labor Contract or Trust Agreements, the Company agreed:

    (a) To make full and timely payments on a monthly basis to the Funds, Union and PAC as required by the Labor Contracts;

    (b) To file monthly remittance reports with the Funds, Union and PAC detailing all employees or work for which contributions and work dues were required on the

Labor Contract.

(c) To produce, upon request by the Funds, Union and PAC, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds, Union and PAC; and

(d) To pay liquidated damages and costs of litigation, including attorneys' fees, expended by the Funds, Union and PAC to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

## COUNT I - AMOUNTS DUE UNDER CONTRACT - SUM CERTAIN

### FUNDS, UNION AND PAC

v.

### COMPANY

11. The allegations of Paragraph 1 through 10 are incorporated by reference as if fully restated.

12. On information and belief, the Company owes the Funds, Union and PAC the sum of at least $181,871.51 in outstanding contributions, interest and liquidated damages as detailed on Exhibit 1.

13. Despite request(s) for payment, the Company has not paid the Funds, Union and PAC as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) Enter judgment against the Company in favor of the Funds, Union and PAC individually for at least $181,871.51 plus any amounts which become due during the pendency of this lawsuit or as a result of an audit of Company's records together with interest, liquidated

damages and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - AMOUNTS DUE UNDER ERISA - SUM CERTAIN

### FUNDS

### v.

### COMPANY

14.     The allegations of Paragraphs 1 through 13 are incorporated by reference as if fully restated.

15.     On information and belief, the Company has failed to timely pay contributions, interest and liquidated damages to the Funds in violation of 29 U.S.C. §1145 in at least the sum of $181,871.51 as detailed on Exhibit 1.

16.     The Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** the Funds ask that the Court:

(1)     Enter judgment against the Company and in favor of the Funds, individually, for $181,871.51 plus any amounts which become due during the pendency of this lawsuit or as a result of an audit of Company's records together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment as provided in the Trust Agreements and applicable law.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

### FUNDS, UNION AND PAC

### v.

### COMPANY

17. The allegations of Paragraphs 1 through 16 are incorporated by reference as if fully restated.

18. The Funds, Union and PAC are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

19. Computation of the precise amounts of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually required remittance reports submitted by the employer.

20. To date, there has been no audit of the Company's books and records.

21. The Company is required by the Labor Contract, Trust Agreements or applicable law to permit the Plaintiffs to audit its records and to cooperate in determining the contributions due the Plaintiffs.

22. The Plaintiffs have no adequate remedy at law for the calculation of any additional damages suffered as a result of the breach itself requires an audit.

23. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE,** the Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### FUNDS, UNION AND PAC

### v.

### COMPANY

24. The allegations of Paragraphs 1 through 23 are incorporated by reference as if fully restated.

25. On information and belief, the Company has failed to make contributions and work dues payments to the Plaintiffs as required by its Labor Contract or Trust Agreements in a period not barred by any applicable statue of limitations or similar bar.

26. On information and belief, the Plaintiffs have been damaged by the failure of the Company to make contributions as required by its Labor Contract or Trust Agreements.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Plaintiffs individually for the amount of contributions and work dues found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable as may be just, necessary or appropriate.

### COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### FUNDS

### v.

### COMPANY

27. The allegations of Paragraphs 1 through 26 are incorporated by reference as if fully restated.

28. On information and belief, the Company has failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by any applicable statue of limitations or similar bar.

29. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency because the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Company.

30. On information and belief, the Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** the Funds ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and

costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(2)    Grant such or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - INJUNCTION

### FUNDS

### v.

### COMPANY

31.    The allegations of Paragraphs 1 through 30 are incorporated by reference as if fully restated.

32.    A money judgment or other remedy available at law is inadequate because the Company has shown its disregard of its contractual and legal obligations by a consistent pattern of delinquencies.

33.    Unless ordered to do otherwise by this Court, Company will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will suffer immediate, continuing and irreparable damage by, among other matters, the loss of investment earnings, the inability to properly determine eligibility and calculate benefits, and a substantial increase in the administrative costs of the Funds with a diminution of the assets otherwise available to pay benefits to company's employees and employees of other employers who fully and timely pay their contributory obligations.

34.    All other conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, the Funds ask that the Court:

(1) Permanently restrain and enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement(s) between the Company and the Union and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as the Company is contractually required to do so.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*[signature]*

Timothy J. Snyder (No. 2408)
The Brandywine Building
1000 West St., 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6645
Telefax: (302) 576-3336
Email: tsnyder@ycst.com
*Attorneys for Plaintiffs*

Dated: December 13, 2007

OF COUNSEL:

Shanna M. Cramer, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0674

**EXHIBIT 1**



**GEMGroup**

Plumbers & Pipefitters Local Union 74
C/O  GEMGroup - Claymont
Brandywine Corporate Center
Suite 303
650 Naamans Road
Claymont, DE        19703

Phone      :        302.798.6801
Toll Free :        800.223.7405
Fax          :        302.798.6929

MPI Mechanical Inc
675 Dawson Dr
Newark, DE        19713

Notice Date:    December 11, 2007

# Statement of Employer Status

Below is a statement of your account's status based on reports processed as of the date of this notice. Please submit payment promptly to avoid additional charges. If no employees were employed for the work period(s) indicated on this report, please specify and return this report to the Fund Office at the address listed above. If you should require additional information, you may either refer back to the Discrepancy Invoice(s), or call the Transmittal Department at the Fund Office at the phone number listed above.

Industrial Agreement

| Invoice Number | Invoice Date | Work Month | Date Received | Postmark Date | Description | Discrepancy Amount |
|---|---|---|---|---|---|---|
| 174311 | 08/15/2007 | 06/2007 | | | Liquidated Damages | $448.86 |
| 176060 | 10/12/2007 | 07/2007 | | | Report Received No Money | $5411.95 |
| 178403 | 12/31/2007 | 07/2007 | | | Interest on Late Contributions | $324.72 |
| 178403 | 12/31/2007 | 07/2007 | | | Liquidated Damages | $1082.39 |
| 176065 | 10/12/2007 | 08/2007 | | | Report Received No Money | $1012.50 |
| 178405 | 12/31/2007 | 08/2007 | | | Interest on Late Contributions | $45.56 |
| 178405 | 12/31/2007 | 08/2007 | | | Liquidated Damages | $202.50 |
| 177872 | 11/29/2007 | 09/2007 | | | Report Received No Money | $47.37 |
| 178407 | 12/31/2007 | 09/2007 | | | Interest on Late Contributions | $1.42 |
| 178407 | 12/31/2007 | 09/2007 | | | Liquidated Damages | $9.47 |
| 177746 | 11/28/2007 | 10/2007 | | | Report Received No Money | $1110.63 |
| 178409 | 12/31/2007 | 10/2007 | | | Interest on Late Contributions | $16.66 |
| 178409 | 12/31/2007 | 10/2007 | | | Liquidated Damages | $222.13 |

| Amount Due | $9936.16 |
|---|---|

TR00002


**GEMGroup**

Plumbers & Pipefitters Local Union 74
C/O GEMGroup - Claymont
Brandywine Corporate Center
Suite 303
650 Naamans Road
Claymont, DE     19703

Phone      :    302.798.6801
Toll Free :    800.223.7405
Fax         :    302.798.6929

MPI Mechanical Inc
675 Dawson Dr
Newark, DE     19713

Notice Date:    December 11, 2007

# Statement of Employer Status

Below is a statement of your account's status based on reports processed as of the date of this notice. Please submit payment promptly to avoid additional charges. If no employees were employed for the work period(s) indicated on this report, please specify and return this report to the Fund Office at the address listed above. If you should require additional information, you may either refer back to the Discrepancy Invoice(s), or call the Transmittal Department at the Fund Office at the phone number listed above.

**Commercial Agreement**

| Invoice Number | Invoice Date | Work Month | Date Received | Postmark Date | Description | Discrepancy Amount |
|---|---|---|---|---|---|---|
| 174312 | 08/15/2007 | 06/2007 | | | Liquidated Damages | $3015.66 |
| 173699 | 09/06/2007 | 06/2007 | 08/15/2007 | 08/14/2007 | Shortage | $7028.69 |
| 176061 | 10/12/2007 | 07/2007 | | | Report Received No Money | $16956.83 |
| 176062 | 10/12/2007 | 07/2007 | | | Report Received No Money | $13610.60 |
| 176064 | 10/12/2007 | 07/2007 | | | Report Received No Money | $4402.63 |
| 176063 | 10/12/2007 | 07/2007 | | | Report Received No Money | $5302.68 |
| 178404 | 12/31/2007 | 07/2007 | | | Liquidated Damages | $8054.55 |
| 178404 | 12/31/2007 | 07/2007 | | | Interest on Late Contributions | $2416.36 |
| 176066 | 10/12/2007 | 08/2007 | | | Report Received No Money | $14789.04 |
| 176068 | 10/12/2007 | 08/2007 | | | Report Received No Money | $5599.81 |
| 178406 | 12/31/2007 | 08/2007 | | | Liquidated Damages | $8616.44 |
| 178406 | 12/31/2007 | 08/2007 | | | Interest on Late Contributions | $1938.70 |
| 176067 | 10/12/2007 | 08/2007 | | | Report Received No Money | $19605.49 |
| 176069 | 10/12/2007 | 08/2007 | | | Report Received No Money | $3087.87 |
| 177874 | 11/29/2007 | 09/2007 | | | Report Received No Money | $23018.16 |
| 177877 | 11/29/2007 | 09/2007 | | | Report Received No Money | $21630.91 |
| 178408 | 12/31/2007 | 09/2007 | | | Liquidated Damages | $11017.95 |
| 178408 | 12/31/2007 | 09/2007 | | | Interest on Late Contributions | $1652.69 |
| 177876 | 11/29/2007 | 09/2007 | | | Report Received No Money | $10440.70 |
| 177747 | 11/28/2007 | 10/2007 | | | Report Received No Money | $26808.72 |
| 178411 | 12/31/2007 | 10/2007 | | | Liquidated Damages | $7168.87 |
| 177748 | 11/28/2007 | 10/2007 | | | Report Received No Money | $3837.67 |
| 177749 | 11/28/2007 | 10/2007 | | | Report Received No Money | $5197.95 |
| 178411 | 12/31/2007 | 10/2007 | | | Interest on Late Contributions | $537.66 |

| Amount Due | $225736.63 |
|---|---|

TR00002



**GEMGroup**

Plumbers & Pipefitters Local Union 74
C/O  GEMGroup - Claymont
Brandywine Corporate Center
Suite 303
650 Naamans Road
Claymont, DE        19703

Phone   :        302.798.6801
Toll Free :       800.223.7405
Fax      :        302.798.6929

MPI Mechanical Inc
675 Dawson Dr
Newark, DE        19713

Notice Date:    December 11, 2007

## Statement of Employer Status

Below is a statement of your account's status based on reports processed as of the date of this notice. Please submit payment promptly to avoid additional charges. If no employees were employed for the work period(s) indicated on this report, please specify and return this report to the Fund Office at the address listed above. If you should require additional information, you may either refer back to the Discrepancy Invoice(s), or call the Transmittal Department at the Fund Office at the phone number listed above.

| Total Amount : | $235672.79 |
|---|---|

Liquidated Damages    $39,838.82
Interest                         $6,933.77
Overage/Shortage       $7,028.69
Report Rec'd No Money  $181,871.51

TR00002

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Plumbers and Pipefitters Local Union No. 74 Annuity Plan, Plumbers and Pipefitters Local Union No. 74 Health and Welfare Plan and Plumbers and Pipefitters Local Union No. 74 Pension Plan (formerly The Pipefitters Local Union No. 80 and Employers Joint Pension Trust Fund)
and
Plumbers and Pipefitters Local No. 74 Apprenticeship Fund, Pipefitters Local Union No. 74 Education/PAC Fund, and Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO (formerly Pipefitters Local No. 80)

## DEFENDANTS

MPI Mechanical, Inc.

(b) County Of Residence Of First Listed Plaintiff: New Castle County, Delaware
(Except In U.S. Plaintiff Cases)

County Of Residence Of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys (Firm Name, Address, And Telephone Number)

Timothy J. Snyder, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6645

Attorneys (If Known)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An X In One Box For Plaintiff And One Box For Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in This State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (Place An X In One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 U.S.C. 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 U.S.C. 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 U.S.C. 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates, etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 U.S.C. 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 U.S.C. 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. § 1145: Failure to make contributions to Funds and Union as required by both 29 U.S.C. § 1145 and relevant collective bargaining agreements.
29 U.S.C. Sections 301 and 1032 by Taft-Hartley Benefit Funds and Labor Organization to compel audit of books and records

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
CLASS ACTION ☐ YES ☒ NO   DEMAND $
Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE: _____   DOCKET NUMBER: _____

DATE: December 13, 2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-815

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

__12/13/07__
(Date forms issued)

X _____
(Signature of Party or their Representative)

X Kevin Reinbold
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action